1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| ALEXANDER BAYONNE STROSS, | CASE NO. 2:21-cv-01489-RAJ |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO** |
| v. | **DEFENDANTS' MOTION FOR** |
| | **ATTORNEY FEES** |
| ZILLOW, INC. AND TRULIA, LLC, | |
| Defendants. | **REQUEST FOR ORAL ARGUMENT** |

Plaintiff ALEXANDER BAYONNE STROSS ("Stross") by and through his undersigned

counsel, and for its Opposition to Defendants' Motion for Attorney Fees [DE 39], states as

follows:

## I.        INTRODUCTION

Stross has appealed this Court's Rule 12(b)(6) dismissal of Stross's Amended Complaint.

This Court should stay consideration of the motion for fees pending Stross' appeal to conserve

resources and avoid duplication of efforts and an unnecessary appeal of a fee award in the event

Stross's motion is granted.

1
**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

Awarding fees to Zillow here would contravene *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) ("Kirtsaeng II"), and *Fogerty v. Fantasy, Inc.*, 510 U. S. 517 (1994). Fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty,* 510 U.S. at 534.

The Supreme Court established several principles and criteria to guide district courts in awarding attorneys' fees pursuant to § 505. First, attorney's fees may not be awarded as "a matter of course" but instead requires a more particularized, case-by-case assessment. *Fogerty*, 510 U.S. at 533. Second, prevailing plaintiffs and defendants should be treated the same. *Id*., 510 U.S. at 527. The Court also noted several non-exclusive factors to consider including "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*., 510 U.S. at 534, n. 19. More recently, *Kirtsaeng* reaffirmed that district courts should place "substantial weight on objective reasonableness" as a factor, while allowing for the consideration of other factors as well. *Kirtsaeng*, 136 S. Ct. at 1988-89.

Stross's litigating position was always reasonable. Stross owns the copyrights at issue, and Stross was entitled to discovery to demonstrate Zillow's liability for infringement. On the current record, the Court has no evidence supporting Zillow's assertions that this case was frivolous, improperly motivated, or objectively unreasonable. This Court should deny Zillow's motion.

Zillow seeks $52,098.00 in attorneys' fees and claims no substantive litigation had occurred prior to March 18, 2022. By that date, Zillow had filed an Answer to the Complaint, as well as served discovery, which had been responded to by Stross. Zillow's fee claim is exorbitant

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

by any measure. Zillow has failed to substantiate its fee claim. If the Court determines Zillow is entitled to fees, the amount of fees awarded should be limited to only those reasonable fees incurred in filing the motion to dismiss.

## II.    THE MOTION SHOULD BE STAYED PENDING APPEAL

On November 29, 2022, at Dkt. No. 41, Stross timely filed its Notice of Appeal of this Court's decision filed at Dkt. No. 38 in which this Court granted Zillow's motion to dismiss.

This Court has the power to stay proceedings pending appeal, as "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources. *Landis*, 299 U.S. at 254-55.

A stay would conserve judicial resources and avoid the need for this court to decide Zillow's attorneys' fees motion while the appeal is pending. If this court were to grant Zillow's motion, then Stross will appeal that ruling as well, and if this court's decision on the merits is again reversed, this court's attorneys' fees ruling will be reversed too. Staying consideration avoids unnecessary work for the Court.

If Zillow prevails on appeal it will no doubt seek attorneys' fees for the appeal on remand. This will require this Court to consider a second fee motion.  Staying consideration of the pending motion would permit both pre-appeal and post-appeal motions to be decided together.

For these reasons, consideration of the pending motion for attorneys' fees should be stayed.

**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

### III.   STANDARD FOR AWARDING ATTORNEYS' FEES PURSUANT TO THE COPYRIGHT ACT

17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Under the plain language of § 505, fees "are to be awarded to prevailing parties only as a matter of the court's discretion," may not be awarded as "a matter of course," and any award of fees requires particularized, case-by-case assessment that considers several non-exclusive factors including "frivolousness, motivation, objective unreasonableness(,) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty,* 510 U.S. at 533-4. District courts should place "substantial weight on objective reasonableness" as a factor. *Kirtsaeng II,* 136 S. Ct. at 1988-89.

### IV.   ARGUMENT

Stross's lawsuit was not frivolous, was motivated by his right to control the use of his copyrighted Works, was not objectively unreasonable, and there is no need deter redress by minor rights holders against giant corporations.

#### A.   Stross' Case was Different from *VHT* and Always Meritorious

First, As the Court is aware and discussed above, the dismissal of this lawsuit has been appealed to the Ninth Circuit Court of Appeals. Even though the Report and Recommendation distinguished various factors between the instant case and the *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723 (9th Cir. 2019), this Court nevertheless granted Zillow's Motion to Dismiss. *See*

4
**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

*e.g.* Dkt. 30 at 4. The Court made no comments nor rendered any opinion in response to Stross's objections to the Report and Recommendation.

Stross' case is different from *VHT*. *VHT* was decided on summary judgment before Zillow became a licensed real estate broker in the state of Texas subject to the ACTRIS rules that prohibit the display of sold listings by participants. The FAC alleges the ACTRIS rules apply to Zillow and therefore trump any prior licensing agreements Zillow relied upon in *VHT*.

In *VHT*, Zillow received listing photographs from many different MLS's pursuant to many different license agreements with different requirements. To manage the different requirements of these licenses that treated photographs as either "evergreen" or "deciduous," Zillow created an automated system to remove deciduous photos when certain events occurred, like sold listings. Zillow relied on that automated system, proved up in discovery, to demonstrate it was not a volitional actor.

Once Zillow became a broker and participant of ACTRIS, it was subject to ACTRIS rules which prohibit the display of sold listings. Zillow, as an ACTRIS member, may no longer rely upon its "non-volitional actor" defense. The Magistrate Judge asked for more facts to explain why Zillow's change in status from licensee to MLS brokerage participant changed the rules governing Zillow's display of sold listing photographs. (ECF 30 at 7).

**B.    Stross' Claims Were Not Frivolous or Objectively Unreasonable**

Second, Stross's claims against Zillow were not frivolous or objectively unreasonable. Zillow alleges this case is identical to the *VHT* case. This is false, and the Report and Recommendation identifies distinguishing facts between the cases. Stross submitted DMCA takedown requests to Zillow with both the property address and URL where his works were being infringed. Zillow did nothing to cure these infringements. Zillow is also now a registered

real estate brokerage, which it wasn't at the time of *VHT*.  Brokerages agree to certain terms, specifically the non-display of off market listings. According to Zillow's position, as long as it automates its infringement process, it can infringe whatever it likes. Stross had no other mechanism to have his Works removed besides filing this lawsuit.

In the *VHT* case, Zillow was a licensee of many MLS IDX feeds from many MLS providers nationwide. In an attempt to comply with the many license restrictions in these licenses, Zillow programmed its automated system to treat "deciduous" and "evergreen" photographs differently by creating automated "trumping" rules for its system to follow. If Zillow thereafter displayed photographs in a way that a copyright holder thought was infringing, it did so without volition as part of the automated process which, as non-volitional, was non-infringing. If a copyright holder submitted a DMCA takedown as to a given photograph, Zillow was entitled to the DMCA safe harbor defense if it either had insufficient information to act on the DMCA takedown, or if it had sufficient information and acted promptly to remove the photograph.

In this case, Zillow is a member and participant in ACTRIS. ACTRIS rules prohibit the display of sold listings, except for limited authorized purposes, none of which apply to Stross' photographs. As a result, Zillow's license no longer extends to all ACTRIS listing photographs like it did in *VHT*. But, even assuming *arguendo* that Zillow still has a valid license to Stross' photographs, a fact that will be revealed in discovery, that license would not protect Zillow if Zillow received a valid DMCA takedown from Stross and failed to act upon it.

Once Zillow became a broker and participant of ACTRIS, Zillow was subject to ACTRIS rules which prohibit the display of sold listings and could no longer rely upon its "non-volitional actor" defense. The Magistrate Judge asked for more facts to explain why Zillow's change in

**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

status from licensee to MLS brokerage participant changed the rules governing Zillow's display of sold listing photographs. (ECF 30 at 7). The Magistrate Judge's request for more facts shifted the burden improperly on Stross to prove a negative and show that Zillow's use of Stross' photographs was unauthorized. Alternatively, an amended complaint could have provided those additional facts that would have come out in discovery. Either way, the FAC sufficiently alleged that Zillow's use of Stross' photographs was infringing, and the FAC's direct infringement claim was meritorious.

### C.    Stross' Claims were not Futile

Third, Zillow claims that the "futility of [his] claims was brought to his attention at the outset of this case" and to negotiate a "nuisance settlement." Dkt. 39 at 3. This case was filed on November 3, 2021, for 212 statutory infringements against Zillow and Trulia (106 each), after Defendants did not remove Stross's Works after DMCA takedown requests submitted in April, 2021. Zillow filed an Answer, participated in the Rule 26(f) conference, exchanged initial disclosures, and submitted and received written discovery to Stross. Clearly Zillow believed the claims had merit to be engaging in discovery so quickly. Zillow responded to Stross's written discovery, albeit insufficiently[1]. Stross's settlement demand and reasoning was laid out in the demand letter. Dkt. 40 Exhibit 2. There were 212 total infringements, with each Work entitled to statutory damages. $10,000 per infringement is a reasonable demand given the range of statutory damages available.

---

[1] Zillow served written responses to Stross's Request for Production on June 6, 2022, but refused to produce any documents pending the Motion to Dismiss decision.

**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

**D.     Stross' Motivation was Legitimate and there is No Basis to Advance Considerations of Compensation and Deterrence**

Fourth, Stross has engaged in litigation to enforce his rights as a copyright holder when the infringer did not respond. Stross has filed lawsuits over a ten-year period to enforce his rights. Zillow seems to assert that settling lawsuits as opposed to fully litigating to jury trials is detrimental.

**E.     The Amount of Fees is Unreasonable and Unsupported**

Finally, the Attorney's fees demanded here are outrageous and unreasonable. For example, on the Declaration of Ian Crosby, Dkt. 40, at page 65, Mr. Crosby declares that he spent at least 36 minutes drafting an e-mail to counsel for Stross regarding substitution of counsel. That e-mail was four sentences long, and is attached to Dkt. 40 at exhibit 1. On the same day, at least 24 minutes were also used to e-mail counsel for Stross a one sentence request to copy his secretary be copied on e-mails. That is a full hour billed for five sentences of e-mail. Similarly, the declaration claims 15.3 hours to prepare a nine-page (six pages of legal argument) Motion to Dismiss. *Id*. at 77. Such creative billing entries raises questions about the reasonableness of every entry on the invoices.

Throughout the invoices, many entries are redacted under a claim of privilege. "[T]he Court generally agrees with plaintiff that to the extent responsive documents contain attorney-client privileged information and/or attorney work product, that information is privileged or otherwise protected and may be minimally redacted. In this regard, defendant is entitled to a privilege log from which it can evaluate the applicability of the privilege or other protection asserted with respect to the redacted documents. *Moore v. Zurich Am. Ins. Co.,* No. CV 16-2466-AB (PLA), 2017 WL 10605923, at *4 (C.D. Cal. Feb. 28, 2017)  Fed. R. Civ. P. 26(b)(5); *Clarke v. Am. Comm. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). "In this regard, plaintiff's redacted

**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL  33433
JOEL B. ROTHMAN, 561.404.4350

1   invoices for the Underlying Actions fall somewhat short of the mark. For example, entries have

2   been redacted to include only the word "research" without providing any information as to the

3   subject matter of the research, or that the research was even necessary for the prosecution of the

4   Underlying Actions." *Id*. The Declaration of Mr. Crosby has over 9 hours of redacted billing,

5   with no privilege log. It is not possible to determine whether this billing was necessary or

6   reasonable.

7
        It should be noted that Mr. Crosby is the same attorney who represented Zillow in the
8
9   *VHT* matter, and is still representing Zillow in the *VHT* appeal. One would assume he is familiar

10  with the law in this area, as Zillow claims the facts are identical.

11      WHEREFORE, Plaintiff ALEXANDER BAYONNE STROSS requests that Zillow's

12  Motion for Attorney Fees [39] be denied.

13  DATED: December 12, 2022                Respectfully submitted,

14

15                                          */s/ Joel B. Rothman*
                                            JOEL B. ROTHMAN
16                                          Washington Bar Number:  57717
17                                          joel.rothman@sriplaw.com

18                                          **SRIPLAW**
                                            21301 Powerline Road, Suite 100
19                                          Boca Raton, FL  33433
                                            561.404.4350 – Telephone
20                                          561.404.4353 – Facsimile

21
                                            and
22
                                            JEREMY ROLLER
23                                          WSBA No. 32021
24                                          jroller@aretelaw.com

25                                          **ARETE LAW GROUP**
                                            1218 Third Avenue
26                                          Suite 2100

                                9
                            **SRIPLAW**

Seattle, WA 98101
206.428.3250 – Telephone

*Attorneys for Plaintiff Alexander Bayonne Stross*

**SRIPLAW**

2:21-CV-01489-RAJ
PLAINTIFF'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES

21301 POWERLINE ROAD, SUITE 100
BOCA RATON, FL 33433
JOEL B. ROTHMAN, 561.404.4350