HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER BAYONNE STROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZILLOW INC., TRULIA LLC,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01489-RAJ-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ZILLOW'S MOTION FOR ATTORNEY'S FEES** |

## I.　INTRODUCTION

Before the Court is Defendant Zillow, Inc.'s Motions for Attorney's Fees. Dkt. # 39. Plaintiff Alexander Bayonne Stross has filed an opposition, to which Zillow has replied. Dkt. ## 43, 44. Having read and considered the papers filed in support of and in opposition to the motion, the Court **GRANTS in part** and **DENIES in part** the motion.

ORDER – 1

## II. BACKGROUND

Plaintiff Alexander Bayonne Stross ("Stross") brought this action against Defendants Zillow, Inc. ("Zillow") and Trulia, LLC ("Trulia") (collectively "Zillow") for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106. Stross alleged that Zillow committed direct infringement by accessing his registered photographs ("the Works") through an MLS, displaying the Works after the listing terminated in violation of licenses, and by designing and programming its website to copy, reproduce, and display photographs for which it had no rights or license. Dkt. # 23 (First Amended Complaint "FAC"). By order filed October 31, 2022, the Court adopted Magistrate Judge Tsuchida's Report and Recommendation and dismissed the above-titled action with prejudice. Dkt. # 37. On November 18, 2022, Stross filed a notice of appeal from the order of dismissal, which appeal presently is pending before the Ninth Circuit. Dkt. # 41.

By the instant motion, Zillow seeks a total of $62,099.20 in attorney's fees. Dkt. ## 39, 46. In opposing the motion, plaintiffs, at the outset, argue the Court should defer determination of the amount of fees and costs—or deny the motion without prejudice to being renewed—until after the Ninth Circuit renders its decision on their appeal. Dkt. # 44 at 3.

## III. DISCUSSION

An appeal from a decision on the merits does not foreclose an award of attorney's fees by the district court. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (holding district court "retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed"). The district court may, however, "in its discretion, 'rule on the claim for fees, [ ] defer its ruling on the motion, or [ ] deny the motion without prejudice, directing ... a new period for filing after the appeal has been resolved.' " *See G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018) (quoting Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment).

ORDER – 2

"District courts have widely exercised their discretion to defer ruling on a motion for attorneys' fees or to deny the motion without prejudice pending an appeal on the merits." *Freeman Inv. Mgmt. Co. v. Frank Russell Co.*, No. 13-CV-2856 JLS (RBB), 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017). Where, for example, "the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." *See* Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment. However, given the controlling case law that applies to this case, the Court will proceed with ruling on the motion for fees.

### A. Attorney's fees

Zillow seeks to recover attorney's fees as the prevailing party under the Copyright Act. *See* 17 USC § 505. The Copyright Act authorizes district courts to award "a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. The decision regarding whether to award attorney's fees is in the court's discretion. *See id.* The Supreme Court has provided a nonexclusive list of factors for courts to consider in making a fee determination: (1) whether the lawsuit was frivolous; (2) motivation; (3) objective legal or factual unreasonableness; and (4) the need to advance the considerations of compensation and deterrence. *Glacier Films v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). The Ninth Circuit has added factors that " 'may be considered' and 'need not all be met': the degree of success obtained in the litigation, the purposes of the Copyright Act, and (3) 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant].' " *Id.* (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)). "[D]istrict courts should accord substantial weight to the reasonableness of the losing party's legal and factual arguments." *Id.* (cleaned up).

Here, Plaintiff filed his copyright infringement claims in a lawsuit that was filed with the reasonable, non-frivolous goal of enforcing his intellectual property rights.

ORDER – 3

1 Nonetheless, the deficiencies in Plaintiff's claims were brought to his attention before the lawsuit. *See* Dkt. # 40. As referenced by the Report and Recommendation, Plaintiff is no stranger to copyright litigation and was well aware of requirements to establish liability in the Ninth Circuit. *See* Dkt. # 30 (discussing *VHT, Inc. v. Zillow Group, Inc*., 918 F.3d 723 (9th Cir. 2019)). Given that the Court found no distinguishing facts between this case and *VHT*, and thus the high success accomplished by Zillow, an attorney fee award would advance considerations of deterrence and further the purposes of the Copyright Act. *Id*. at 1041.

To determine attorney's fees, the Court uses the "lodestar" method which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate. *See, e.g.*, *Jordan v. Multnomah Cnty*., 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the Court should consider any of the relevant factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975). *See Jordan*, 815 F.2d at 1264 n. 11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). In this case, the relevant *Kerr* factors include: the time and labor required, the customary fee, the amount involved, and the results obtained. *Id*.

Here, no evidence is provided regarding the reasonableness of the hourly rates charged for attorneys ($775). Based on other cases in this district, the Court is willing to presume that charges of up to $400 for experienced intellectual property lawyers in the Seattle market are reasonable. Counsel appears to have spent roughly 64.8 hours on this litigation. Dkt. # 40, Exs. 6-7; Dkt. # 46-2. Zillow cannot have it both ways: one cannot claim that the case is "legally frivolous" and subject to a controlling Ninth Circuit case, and then seek over $60,000 in fees for procedural, simple, and/or threshold matters. The Court finds that an overall reduction of time spent on this litigation by 25% is appropriate. For the foregoing reasons, the Court awards $19,400 in attorney's fees.

\\

ORDER – 4

## IV.  CONCLUSION

For all of the foregoing reasons, Zillow's motion for attorney's fees is **GRANTED in part and DENIED in part**. Zillow is hereby awarded $19,400 in attorney's fees. Dkt. # 39.

DATED this 13th day of September, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5